IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:13-CV-224-BO

| | |
|---|---|
| ANNIE BATTLE DYSON and AARON PURNELL DYSON, )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>LE'CHRIS HEALTH SYSTEM )<br>INCORPORATED, EDGECOMBE )<br>COUNTY GOVERNMENT, LEONARD )<br>WIGGINS, *County Commissioner* )<br>*Chairman*, and LORENZO CARMON, )<br>*County Manager*, )<br>)<br>Defendants. ) | ORDER AND<br>MEMORANDUM AND<br>RECOMMENDATION |

This matter is before the court for review of Plaintiffs' *pro se* applications to proceed *in forma pauperis* and for frivolity review of their complaint pursuant to 28 U.S.C. § 1915(a)(1), (e)(2)(B). [DE-1 to -3]. Plaintiffs have demonstrated sufficient evidence of inability to pay the required court costs. Accordingly, Plaintiffs' motions to proceed *in forma pauperis* are allowed. With respect to frivolity review, for the reasons set forth below, it is recommended that the complaint be dismissed in part and allowed to proceed in part.

### I. PLAINTIFFS' COMPLAINT

Plaintiffs, Annie Battle Dyson and Aaron Purnell Dyson, reside in Edgecombe County, North Carolina and bring this action against Le'Chris Health Systems Incorporated ("Le'Chris"), Edgecombe County Government ("Edgecombe County"), Leonard Wiggins, and Lorenzo Carmon, alleging various state and federal constitutional violations, as well as state law claims, and invoking the court's federal question jurisdiction, 28 U.S.C. § 1331. Compl. [DE-3-1] at 1-5. Plaintiffs seek

$105,500,000 in compensatory and punitive damages from Le'Chris and $55,000,000 in compensatory and punitive damages from Edgecombe County, as well as injunctive relief. *Id.* at 15-17.

Plaintiffs' complaint arises from the alleged numerous violations of their civil rights when an adult protective services worker, Ms. Shawn Watson, with the Edgecombe County Department of Social Services, entered the home Plaintiffs shared with a family member, Ricky W. Battle (who appears to be Annie Battle Dyson's brother), for the purpose of investigating what appears to be a claim by Le'Chris that Battle was the victim of abuse and/or neglect by Aaron Dyson. *Id.* at 5-15. It appears that Battle was removed from the home by Watson to a facility operated by Le'Chris. *Id.* at 5-6, 13-14. As a result of these events, Plaintiffs allege claims under 42 U.S.C. § 1983 for violations of their Fourth, Fifth, Eighth, Ninth and Fourteenth Amendment rights; 18 U.S.C. § 241; 42 U.S.C. §§ 1985 and 1986; 42 U.S.C. § 14141; 18 U.S.C. § 2236; 18 U.S.C. § 1201; the United Nations Universal Declaration of Human Rights, Article 12; the North Carolina Constitution, Article 1, §§ 18-20; state law claims for Intentional Infliction of Emotional Distress, Malicious Prosecution, Libel Per Se, Negligence, Intentional Misrepresentation, False Light, Invasion of Privacy, and False Imprisonment; and N.C. Gen. Stat. §§ 14-39 and 14-234.1. *Id.* at 5-15.

## II. STANDARD OF REVIEW

Where a plaintiff has obtained leave to proceed *in forma pauperis*, the court must conduct a review of the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, a district court must dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Michau v. Charleston Cnty., S.C.*, 434

2

F.3d 725, 728 (4th Cir. 2006); *Cochran v. Morris,* 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McLean v. United States,* 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). In addition, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly,* 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.*

In the present case, Plaintiffs are proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.; Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Noble v. Barnett,* 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Adhering to the principle that *pro se* pleadings should not be held to the same stringent standards as those of attorneys, the allegations contained in Plaintiffs' complaint have been construed

3

liberally. Even affording Plaintiff a liberal construction of the allegations, a number of Plaintiffs' asserted claims fail to state a claim upon which relief can be granted, as detailed more fully below. Plaintiffs' remaining claims are sufficiently stated to survive frivolity review and should be allowed to proceed at this time.

## A. Claims Asserted on Behalf of Battle

Plaintiffs attempt to allege a number of claims on behalf of Ricky Battle, or alternatively to assert violations of Battle's constitutional rights as the basis for Plaintiffs' claims. For example, Plaintiffs allege that Le'Chris and Edgcombe County violated Battle's rights when Battle was searched for marks and scars without a warrant and cite this alleged violation of Battle's Fourth Amendment rights as a basis for Plaintiffs' § 1983 claim. *See* Compl. at 5-6.

Mr. Battle is not a plaintiff in this action. "[T]he right to conduct one's own case does not give one a right to litigate on behalf of another." *Williams ex rel. E.W. v. Wake Cnty. Pub. Sch. Sys.*, No. 5:08-CV-92-D, 2008 WL 2491129, at *1 (E.D.N.C. June 20, 2008) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). Generally, "a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410 (1991) (citing *Dep't of Labor v. Triplett*, 494 U.S. 715, 720 (1990); *Singleton v. Wulff*, 428 U.S. 106 (1976)). While there are limited exceptions to this rule, *see id.* at 410-11, Plaintiffs have alleged no facts to support their ability to bring any claims on Battle's behalf. Accordingly, all claims alleged by Plaintiffs on behalf of Battle, or based on violations of Battle's rights, should be dismissed, including (1) the § 1983 claim against Edgecombe County to the extent it is based on the search of Battle's person, (2) the § 1983 claim against Le'Chris, which appears to be based entirely on the alleged search of Battle's person, and (3) the False Imprisonment claim,

4

which alleges the false imprisonment of Battle.

## B.  Count 8 - Universal Declaration of Human Rights of the United Nations, Article 12

Plaintiffs allege that Le'Chris interfered with Plaintiffs' privacy in violation of Article 12 of the Universal Declaration of Human Rights of the United Nations. Compl. at 7-8. "[T]he Universal Declaration of Human Rights is a non-binding declaration that provides no private rights of action." *United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004) (explaining the Universal Declaration is not a treaty or international agreement that would impose legal obligations enforceable in federal court)). Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted pursuant to the Universal Declaration, and this claim should be dismissed.

## C.  Count 10 - 18 U.S.C. § 241[1]

Plaintiffs allege that Le'Chris and Edgecombe County conspired to violate the exercise of their constitutional rights in violation of 18 U.S.C. § 241, which provides

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or
>
> If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured–
>
> They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced

---

[1] Plaintiffs reference 42 U.S.C. § 14141 in the complaint, but quote the text of 18 U.S.C. § 241, Conspiracy against Rights, which is presumed to be the claim Plaintiffs intended to assert here, where Plaintiffs assert a claim under 42 U.S.C. § 14141 in Count 16. Compl. at 8, 11.

5

to death.

18 U.S.C. § 241. Section 241 is a criminal statute and does not provide a civil remedy. *Yagoda v. Davis*, No. 7:11-CV-122-BO, 2011 WL 3911111, at *1 (E.D.N.C. Sept. 5, 2011) (citing *Williams v. Michigan*, No. 06–CV–14343, 2006 WL 3759974, at *4 (E.D. Mich. Dec. 19, 2006)). Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted pursuant to 18 U.S.C. § 241, and this claim should be dismissed.

### D.     Count 13 - 42 U.S.C. § 1986

Plaintiffs allege that Le'Chris and Edgecombe County "conspired to kill [Plaintiff Annie Battle Dyson] with deliberate stress and concern for her (Ms. Dyson's) brother [sic] safety. Furthermore, there is a reckless abandonment of reasonable care of professional misconduct when it comes to the health of Ms. Dyson and the bystander Mr. Dyson." Compl. at 10. Plaintiffs contend that this conduct violates 42 U.S.C. § 1986, which provides as follows:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

42 U.S.C. § 1986. However, "[v]iability of a § 1986 claim is based on the antecedent § 1985 claim." *Savage v. N. Carolina Dep't of Correction*, No. 5:06-CV-171-FL, 2007 WL 2904182, at *5 (E.D.N.C. Sept. 29, 2007).

While not expressly stated in the complaint, Plaintiffs would appear to be proceeding under § 1985(3), which prohibits conspiracy to deny equal protection under the law. *See* Compl. at 2; 42 U.S.C. § 1985(3). To maintain a cause of action under § 1985(3), "a plaintiff must prove: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995) (citations omitted). Plaintiffs have made no allegation that Le'Chris and Edgecombe County were "motivated by a specific class-based, invidiously discriminatory animus," as required to state a claim under § 1985(3). *See id.* As a result, both the § 1985(3) and § 1986 claim fail as a matter of law. *See Savage*, 2007 WL 2904182, at *5 ("If the 1985 claim is dismissed, the § 1986 claim also fails.") (citing *Buschi v. Kirven*, 775 F.2d 1240, 1243 (4th Cir. 1985)). Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted pursuant to 42 U.S.C. §§ 1985(3) and 1986, and these claims should be dismissed.

### E.     Count 16 - 42 U.S.C. § 14141

Plaintiffs allege that social worker Shawn Watson's warrantless entry onto "the premises," Compl. at 11, violated 42 U.S.C. § 14141, which prohibits

> any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

42 U.S.C. § 14141(a). The statute further authorizes the Attorney General to bring suit when he "has reasonable cause to believe that a violation [of the statute] has occurred . . . ." *Id.* § 14141(b). Thus,

7

a private citizen may not bring suit under 42 U.S.C. § 14141. *See Ferrer v. Garasimowicz*, No. 1:13CV797 LMB/IDD, 2013 WL 5428110, at *4 (E.D. Va. Sept. 27, 2013) ("Only the Attorney General of the United States, rather than a private citizen like plaintiff, is authorized to bring suit.") (citing 42 U.S.C. § 14141); *Yagoda*, 2011 WL 3911111, at *1 ("Section 14141 provides no private right of action and suits pursuant to this section can only be brought by the Attorney General.") (citing *Mahan v. Huber*, No. 09–CV–98–PAB, 2010 WL 749815, at *6 (D. Colo. Mar. 2, 2010)). Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 14141, and this claim should be dismissed.

### F. Count 17 - Intentional Misrepresentation

Plaintiffs allege that Defendants made an intentional misrepresentation of facts to the Rocky Mount Police Department about Plaintiff Aaron Dyson. Compl. at 12. Intentional misrepresentation is in essence a fraud claim, requiring both a false statement by the defendant and reasonable reliance on the false statement by the plaintiff. *See Johnson v. Household Life Ins. Co.*, No. 5:11-CV-301-BR, 2012 WL 5336959, at *8 (E.D.N.C. Oct. 26, 2012) (citing *Vernon v. Steven L. Mabe Builders*, 430 S.E.2d 676, 679 (N.C. Ct. App. 1993), *rev'd on other grounds*, 444 S.E.2d 191 (N.C. 1994); *Forbes v. Par Ten Grp., Inc.*, 394 S.E.2d 643, 647-48 (N.C. Ct. App. 1990), *disc. rev. denied*, 402 S.E.2d 824 (N.C. 1991)). The statement at issue here was made to a third party and there is no allegation of reliance by Plaintiffs. It further appears that this is essentially a recasting of Plaintiffs libel per se claim. *See* Compl. at 10. Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted, and the intentional misrepresentation claim should be dismissed.

### G. Count 18 - False Light

Plaintiffs allege that Defendants placed Plaintiffs in a false light in the public eye, damaging

8

the good name and reputation of Plaintiffs. Compl. at 12. "It is undisputed that North Carolina does not 'recognize a cause of action for false light in the public eye invasion of privacy.'" *Ouazzani-Chadi v. Greensboro News & Record*, No. 1:06CV00848, 2007 WL 1362389, at *2 (M.D.N.C. May 8, 2007) (quoting *Renwick v. News & Observer Pub. Co.*, 310 N.C. 312, 322, 312 S.E.2d 405, 411 (1984)). Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted, and the claim of false light should be dismissed.

### H.    Count 20 - 18 U.S.C. § 2236

Plaintiffs allege that social worker Shawn Watson's actions violated 18 U.S.C. § 2236, which provides as follows:

> Whoever, being an officer, agent, or employee of the United States or any department or agency thereof, engaged in the enforcement of any law of the United States, searches any private dwelling used and occupied as such dwelling without a warrant directing such search, or maliciously and without reasonable cause searches any other building or property without a search warrant, shall be fined under this title for a first offense; and, for a subsequent offense, shall be fined under this title or imprisoned not more than one year, or both.

18 U.S.C. § 2236(a); Compl. at 12. Section 2236 is a criminal statute with no private right of enforcement. *See Roller v. Matheny*, No. 1:12-CV-262, 2012 WL 5451527, at *3 n.2 (E.D. Tenn. Nov. 7, 2012) (citing *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)). Furthermore, the statute by its express terms applies only to the conduct of "an officer, agent, or employee of the United States or any department or agency thereof," 18 U.S.C. § 2236 (a), and Watson is a county employee. Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted pursuant to 18 U.S.C. § 2236, and this claim should be dismissed.

### I.    Count 21 - 18 U.S.C. § 1201

Plaintiffs allege that Battle was removed from the home without a court order in violation

9

of 18 U.S.C. § 1201, which generally prohibits kidnapping when the victim is transported in interstate commerce and held for ransom or reward. Compl. at 12-13; 18 U.S.C. § 1201; *United States v. Lewis*, 662 F.2d 1087, 1088 (4th Cir. 1981). Section 1201 is a criminal statute with no private right of enforcement. *See Ali v. Przbyl*, No. 04-CV-0459E(F), 2004 WL 1682774, at *2 n.1 (W.D.N.Y. July 26, 2004). Moreover, Plaintiffs have failed to allege that Battle was transported in interstate commerce, and the allegations indicate that he remained in North Carolina. Compl. at 13. Furthermore, this is the only count in the complaint that references Defendants Leonard Wiggins and Lorenzo Carmon, *see* Compl. at 13, and Plaintiffs have sought neither damages, nor injunctive relief from these Defendants, *see id.* at 15-17. Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted pursuant to 18 U.S.C. § 1201, and this claim should be dismissed, including dismissal of Defendants Wiggins and Carmon.

### J.     Count 23 - N.C. Gen. Stat. § 14-39

Plaintiffs allege that Le'Chris and Edgecombe County conspired to kidnap Battle in violation of N.C. Gen. Stat. § 14-39, which is the North Carolina criminal kidnapping statute. Compl. at 14; N.C. Gen. Stat. § 14-39. Section 14-39 does not provide a civil remedy. *See* N.C. Gen. Stat. § 14-39. Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted pursuant to N.C. Gen. Stat. § 14-39, and this claim should be dismissed.

### K.     Count 24 - N.C. Gen. Stat. § 14-234.1

Plaintiffs allege that an unidentified Edgecombe County social worker publicly disclosed confidential information in Plaintiffs' front yard in violation of N.C. Gen. Stat. § 14-234.1, which prohibits the misuse of confidential information by state or local government employees for pecuniary gain. Compl. at 15; N.C. Gen. Stat. § 14-234.1. Here, Plaintiffs have alleged only a

10

Case 4:13-cv-00224-BO   Document 8   Filed 12/03/13   Page 10 of 12

public disclosure of confidential information, and not that the confidential information was used for pecuniary gain. Furthermore, § 14-234.1 is a criminal statute that provides no civil remedy. *See* N.C. Gen. Stat. § 14-234.1. Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted pursuant to N.C. Gen. Stat. § 14-234.1, and this claim should be dismissed.

## L.     Request to Appoint Counsel

Plaintiffs have requested the appointment of counsel in this case. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975) (citation omitted). "The existence of exceptional circumstances depends on the complexity of the case, and the ability of the [litigant] to present it." *Harden v. Green*, 27 F. App'x 173, 175 (4th Cir. 2001) (citation omitted). "If it is apparent to the district court that a *pro se* litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978). At this stage in the litigation, it is yet to be determined whether Plaintiffs have a colorable claim and, thus far, Plaintiffs have capably presented their claims. Accordingly, appointment of counsel is denied at this time.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' applications to proceed *in forma pauperis* are ALLOWED, and Plaintiffs' request for appointment of counsel is DENIED. Furthermore, it is RECOMMENDED as follows:

(1) that all claims alleged by Plaintiffs on behalf of Battle, or based on violations of Battle's rights, including (i) the § 1983 claim against Edgecombe County to the extent it is based on the search of Battle's person, (ii) the § 1983 claim against Le'Chris, and (iii) the False Imprisonment

11

claim, be DISMISSED;

(2) that claims pursuant to 18 U.S.C. § 241; 42 U.S.C. §§ 1985 and 1986; 42 U.S.C. § 14141; 18 U.S.C. § 2236; 18 U.S.C. § 1201; the United Nations Universal Declaration of Human Rights, Article 12; N.C. Gen. Stat. §§ 14-39 and 14-234.1, and claims for Intentional Misrepresentation and False Light be DISMISSED;

(3) that Defendants Leonard Wiggins and Lorenzo Carmon be DISMISSED; and

(4) that claims pursuant to the North Carolina Constitution, Article 1, §§ 18-20; state law claims for Intentional Infliction of Emotional Distress, Malicious Prosecution, Libel Per Se, Negligence, and Invasion of Privacy, and claims pursuant to 42 U.S.C. § 1983, based on allegations Defendants violated Plaintiffs' constitutional rights, be ALLOWED TO PROCEED.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties or their counsel if represented, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO ORDERED AND SUBMITTED, the 2nd day of December 2013.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

12

Case 4:13-cv-00224-BO   Document 8   Filed 12/03/13   Page 12 of 12