IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:13-CV-224-BO

| | |
|---|---|
| ANNIE BATTLE DYSON and <br> AARON PURNELL DYSON, <br><br> Plaintiffs, <br><br> v. <br><br> LE'CHRIS HELATH SYSTEM <br> INCORPORATED, EDGECOMBE <br> COUNTY GOVERNMENT, LEONARD <br> WIGGINS, *County Commissioner* <br> *Chairman*, and LORENZO CARMON, <br> *County Manager*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

This matter is before the Court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert B. Jones [DE 8]. For the following reasons, the Court ADOPTS the M&R.

## BACKGROUND

Plaintiffs, Annie Battle Dyson and Aaron Purnell Dyson, North Carolina residents, bring this action against Le'Chris Health Systems Incorporated ("Le'Chris"), Edgecombe County Government ("Edgecomb County"), Leonard Wiggins, and Lorenzo Carmon, alleging various state and federal constitutional violations, as well as state law claims, and invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. Plaintiffs seek $105,500,000 in compensatory and punitive damages from Le'Chris and $55,000,000 in compensatory and punitive damages from Edgecomb County, as well as injunctive relief.

Plaintiffs' complaint arises from the alleged numerous violations of their civil rights when an adult protective services worker, Ms. Shawn Watson, with the Edgecombe County Department of Social Services, entered the home plaintiffs shared with a family member, Ricky W. Battle (who appears to be Annie Battle Dyson's brother), for the purpose of investigating what appears to be a claim by Le'Chris that Battle was the victim of abuse and/or neglect by Aaron Dyson. It appears that Battle was removed from the home by Watson to a facility operated by Le'Chris. As a result of these events, plaintiffs allege claims under 42 U.S.C. § 1983 for violations of their Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment rights; 18 U.S.C. § 241; 42 U.S.C. §§ 1985 and 1986; 42 U.S.C. § 14141; 18 U.S.C. § 1201; the United Nations Universal Declaration of Human Rights, Article 12; the North Carolina Constitution, Article 1, §§ 18–20; state law claims for intentional infliction of emotional distress, malicious prosecution, libel per se, negligence, intentional misrepresentation, false light, invasion of privacy, and false imprisonment; and N.C., Gen. Stat. §§ 14-39 and 14-234.1

Magistrate Judge Jones reviewed plaintiffs' pro se applications to proceed *in forma pauperis* and conducted a frivolity review of plaintiffs' complaint pursuant to 28 U.S.C. § 1915(a)(1), (e)(2)(B). [DE 8]. Plaintiffs have not filed an objection to the M&R.

## DISCUSSION

A district court is required to review an M&R de novo if the defendant specifically objects to it or in cases of clear error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The district court is only required to make a de novo determination of those specific findings to which the defendant has actually objected. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Here, plaintiffs have not filed an objection to the Magistrate Judge's recommendation. Therefore this Court considers whether the M&R is "clearly erroneous or

contrary to law." 28 U.S.C. § 636(b)(1)(A). The Court finds no clear error in the Magistrate Judge's decision, and therefore adopts the M&R.

The following aspects of the complaint are hereby dismissed: (1) the § 1983 claim against Edgecombe County to the extent it is based on the search of Battle's person; (2) the § 1983 claim against Le'Chris, which appears to be based entirely on the alleged search of Battle's person; (3) the false imprisonment claim, which alleges the false imprisonment of Battle; (4) Count 8 which alleges a violation of the Universal Declaration of Human Rights of the United Nations, Article 12; (5) Count 10 which alleges a violation of 18 U.S.C. § 241; (6) Count 13 which alleges violations of 42 U.S.C §§ 1985(3) and 1986; (7) Count 16 which alleges a violation of 42 U.S.C. § 14141; (8) Count 17 which alleges intentional misrepresentation; (9) Count 18 which alleges false light; (10) Count 20 which alleges a violation of 18 U.S.C. § 2236; (11) Count 21 which alleges a violation of 18 U.S.C. § 1201; (12) Count 23 which alleges a violation of N.C. Gen Stat. § 14-39; and (13) Count 24 which alleges a violation of N.C. Gen Stat. § 14-234.1.

Further, defendants Leonard Wiggins and Lorenzo Carmon are dismissed from the case. Plaintiffs' claims pursuant to the North Carolina Constitution, Article 1, §§ 18–20; state law claims for intentional infliction of emotional distress, malicious prosecution, libel per se, negligence, and invasion of privacy; and claims pursuant to 42 U.S.C. § 1983, based on allegations defendants violated plaintiffs' constitutional rights are ALLOWED TO PROCEED.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's recommendations. Plaintiffs' complaint is DISMISSED IN PART and ALLOWED TO PROCEED IN PART as delineated above.

SO ORDERED,

this 23 day of January, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE