IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:13-CV-224-BO

| | |
|---|---|
| ANNIE BATTLE DYSON and AARON PURNELL DYSON, <br><br> Plaintiffs, <br><br> v. <br><br> LE'CHRIS HELATH SYSTEM INCORPORATED, EDGECOMBE COUNTY GOVERNMENT, LEONARD WIGGINS, *County Commissioner Chairman*, and LORENZO CARMON, *County Manager*, <br><br> Defendants. | **ORDER** |

This matter is before the Court on plaintiffs' motion to suppress. [DE 35]. The matter is now ripe for adjudication. For the following reasons, the motion is DENIED.

## BACKGROUND

Plaintiffs, Annie Battle Dyson and Aaron Purnell Dyson, North Carolina residents, bring this action against Le'Chris Health Systems Incorporated ("Le'Chris"), Edgecombe County Government ("Edgecomb County"), Leonard Wiggins, and Lorenzo Carmon, alleging various state and federal constitutional violations, as well as state law claims, and invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. Plaintiffs seek $105,500,000 in compensatory and punitive damages from Le'Chris and $55,000,000 in compensatory and punitive damages from Edgecomb County, as well as injunctive relief.

Plaintiffs' complaint arises from the alleged numerous violations of their civil rights when an adult protective services worker, Ms. Shawn Watson, with the Edgecombe County

Department of Social Services, entered the home plaintiffs shared with a family member, Ricky W. Battle (who appears to be Annie Battle Dyson's brother), for the purpose of investigating what appears to be a claim by Le'Chris that Battle was the victim of abuse and/or neglect by Aaron Dyson. It appears that Battle was removed from the home by Watson to a facility operated by Le'Chris. As a result of these events, plaintiffs alleged claims under 42 U.S.C. § 1983 for violations of their Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment rights; 18 U.S.C. § 241; 42 U.S.C. §§ 1985 and 1986; 42 U.S.C. § 14141; 18 U.S.C. § 1201; the United Nations Universal Declaration of Human Rights, Article 12; the North Carolina Constitution, Article 1, §§ 18–20; state law claims for intentional infliction of emotional distress, malicious prosecution, libel per se, negligence, intentional misrepresentation, false light, invasion of privacy, and false imprisonment; and N.C., Gen. Stat. §§ 14-39 and 14-234.1

On January 24, 2014, the Court entered an order adopting Magistrate Judge Jones's Memorandum and Recommendation [DE 8], thereby dismissing defendants Wiggins and Carmon, all claims brought by plaintiffs on behalf of Ricky Battle, and all claims based on violations of Battle's rights. [DE 21]. Plaintiffs now seek to suppress photographs that they allege the remaining defendants possess that were taken "outside the scope of a search warrant and law enforcement and the plaintiff(s) present to conduct a search of Ricky W. Battle's person(s) of any infamous marks or scars as part of their defense." [DE 35].

### DISCUSSION

This Court has previously determined that plaintiffs lack standing to institute any claim on behalf of Ricky Battle. [DE 8 and 21]. "Generally, 'a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.' *Powers v. Ohio*, 499 U.s. 400, 410 (1991) (citing *Dep't of Labor v. Triplett*, 494 U.S.

2
Case 4:13-cv-00224-BO   Document 48   Filed 10/14/14   Page 2 of 4

715, 720 (1990); *Singleton v. Wulff*, 428 U.S. 106 (1976))." [DE 8 at 4]. Additionally, a criminal defendant moving to suppress evidence under Rule 41(h) of the Federal Rules of Criminal Procedure must show that his or her own Fourth Amendment rights were violated. *See Rakas v. Illinois*, 439 U.S. 128 (1978). Mr. Battle is not a party to this action and plaintiffs have not presented any evidence showing that their own Fourth Amendment rights were violated. Plaintiffs' reliance upon Mr. Battle's constitutional rights as the basis for the motion is, therefore, improper.

Further, the General Power of Attorney plaintiffs attach to their motion and their claim that they are "invoking the fiduciary powers under the power of attorney for Ricky W. Battle" does not cure their inability to bring this motion. [DE 35, Ex. A]. There are limited exceptions to the *Powers* rule that a litigant must assert his or her own legal rights and interests and the exceptions must satisfy the following:

> the litigant must have suffered an 'injury in fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests.

*Powers*, 499 U.S. at 411 (citations omitted).

Here, plaintiffs have not made any showing to meet the criteria set forth above in *Powers*. Plaintiffs have not demonstrated an injury in fact and a general power of attorney is not tantamount to a finding that Mr. Battle lacks an ability to protect his own interests and plaintiffs have not alleged any type of legal guardianship over Mr. Battle at any time. Because the Court has previously determined that Mr. Battle is not a party to this action, plaintiffs lack standing to assert a constitutional violation on his behalf. Accordingly, the motion to suppress is denied.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion to suppress.

SO ORDERED,

this __9__ day of October, 2014.

                                    TERRENCE W. BOYLE
                                    UNITED STATES DISTRICT JUDGE