IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:13-CV-224-BO

ANNIE BATTLE DYSON and )
AARON PURNELL DYSON, )
 )
      Plaintiffs, )
 )
v. )
 )
LE'CHRIS HEALTH SYSTEM, )
INCORPORATED, EDGECOMBE ) **ORDER**
COUNTY GOVERNMENT, LEONARD )
WIGGINS, *County Commissioner* )
*Chairman*, and LORENZO CARMON, )
*County Manager*, )
 )
      Defendants. )
 )

This matter is before the Court on defendants Le'Chris Health System, Incorporated and Edgecombe County Government's respective motions for summary judgment. [DE 43, 45]. Plaintiffs have responded and the matter is now ripe for adjudication. [DE 51]. For the following reasons, both motions for summary judgment are GRANTED.

## BACKGROUND

Plaintiffs, Annie Battle Dyson and Aaron Purnell Dyson, brought this action against Le'Chris Health System Incorporated ("Le'Chris Health"), Edgecombe County Government ("Edgecombe County"), Leonard Wiggins, and Lorenzo Carmon, alleging various state and federal constitutional violations, as well as state law claims, and invoking the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs seek $105,500,000 in compensatory and punitive damages from Le'Chris Health and $55,000,000 in compensatory and punitive damages from Edgecombe County, as well as injunctive relief.

The complaint arises from the alleged numerous violations of plaintiffs' civil rights when an adult protective services worker, Ms. Shawn Watson, with the Edgecombe County Department of Social Services ("DSS"), entered the home plaintiffs shared with a family member, Ricky W. Battle. Ms. Watson entered the home to investigate a claim by Le'Chris Adult Day Care of Rocky Mount ("Le'Chris Day Care"), via its employees Nicki Bradberry, Beverlyn Richardson, and Faye Hill, that Mr. Battle was the victim of abuse by Aaron Dyson. Both the Rocky Mount Police department and DSS investigated Mr. Battle's claim, but no charges were filed against Mr. Dyson.

On January 24, 2014, the Court entered an order adopting Magistrate Judge Jones's Memorandum and Recommendation [DE 8], thereby dismissing defendants Wiggins and Carmon, all claims brought by plaintiffs on behalf of Ricky Battle, and all claims based on violations of Battle's rights. [DE 21]. The remaining claims against Le'Chris Health are 1) a violation of the Sixth Amendment (Count 3); malicious prosecution (Count 7); deprivation of rights per 42 U.S.C. § 1983 (Count 9); intentional infliction of emotional distress (Count 11); libel per se (Count 14); and invasion of privacy (Count 19). The remaining claims against Edgecombe County are 1) a violation of the Fourth Amendment (Count 1); a violation of the Fifth Amendment (Count 2); a violation of the Sixth Amendment (Count 3); a violation of the Eighth Amendment (Count 4); a violation of the Ninth Amendment (Count 5); a violation of the Fourteenth Amendment (Count 6); malicious prosecution (Count 7); intentional infliction of emotional distress (Count 11); claims brought directly under the North Carolina Constitution (Count 12); libel per se (Count 14); negligence (Count 15); and invasion of privacy (Count 19).

Each defendant has filed a motion for summary judgment as to all claims.

## DISCUSSION

Summary judgment is proper only when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Cox v. Cnty. of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001). The moving party must demonstrate the lack of genuine issue of fact for trial and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex*, 477 U.S. at 324. In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). An issue is "genuine" if a reasonable jury, based on the evidence, could find in favor of the non-moving party.); *Cox*, 249 F.3d at 299. Conclusory allegations are insufficient to defeat a motion for summary judgment. *Anderson v. LibertyLobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment").

### CLAIMS AGAINST LE'CHRIS HEALTH

Plaintiffs have sued Le'Chris Health based on actions committed by Ms. Bradberry when she allegedly improperly reported Mr. Battle's accusations against Mr. Dyson to the Rocky Mount Police Department and Edgecombe County Department of Social Services. Ms. Bradberry is employed by Le'Chris Day Care, not Le'Chris Health. Le'Chris Health's evidence demonstrates that Le'Chris Day Care is an entirely different company from Le'Chris Health, and Le'Chris Health did not own, operate, or manage Le'Chris Day Care, nor did Le'Chris Health ever provide any services to Mr. Battle. Plaintiffs have not put forth any evidence that shows Le'Chris

Health has any connection to their claims. Accordingly, there is no issue of material fact as to Le'Chris Health's non-involvement in this case, and its motion for summary judgment is granted.

## CLAIMS AGAINST EDGECOMBE COUNTY

### I. SECTION 1983 CLAIMS

Section 1983 imposes liability on anyone who under color of state law "subjects ... any citizen ... or other person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ...." 42 U.S.C. § 1983. Plaintiffs allege that their Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment Rights were violated by Edgecombe County. Each of these claims fails as a matter of law.

#### A. Fourth Amendment (Count 1)

Plaintiffs allege no violation of the Fourth Amendment except as to the search of Mr. Battle's person. This Court previously determined that plaintiffs lack standing to institute any claim on behalf of Mr. Battle, including one under the Fourth Amendment. [DE 8, 21, 48]. Because plaintiffs have failed to allege and prove violations of their own Fourth Amendment rights, Edgecombe County is entitled to summary judgment on this claim.

#### B. Fifth Amendment (Count 2)

A violation of the Fifth Amendment, standing alone, requires the presence of a federal actor. *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm'n*, 483 U.S 522, 542 (1987). Edgecombe County is not a federal actor, but is instead a state actor, therefore plaintiffs' claim under the Fifth Amendment fails. Accordingly, Edgecombe County is entitled to summary judgment on plaintiffs' Fifth Amendment claim.

C. Sixth Amendment Claim (Count 3)

The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI. Plaintiffs' complaint contains no factual allegations that support a claim for violation of any right secured by the Sixth Amendment other than the right to counsel.[1] Central to the protections of the Sixth Amendment is the clause that limits its applicability to criminal prosecutions. Accordingly, it comes as no surprise that "[a]n accused has a right to the presence of counsel only when the government interrogates him." *Snead v. Stringer*, 454 U.S. 988, 990 (1981) (citing *Brewer v. Williams*, 430 U.S. 387 (1977).

No adversarial proceedings have been commenced against either of the plaintiffs, nor was either plaintiff a defendant in any adversarial proceeding related to this case. In fact, this case does not involve a criminal proceeding. Therefore, the Sixth Amendment right to counsel never attached to either plaintiff, and Edgecombe County is entitled to summary judgment on plaintiffs' Sixth Amendment claim.

D. Eighth Amendment (Count 4)

The Eighth Amendment "prohibits the infliction of cruel and unusual punishment on those convicted of crimes." *Wilson v. Sieter*, 501 U.S. 294, 296–97 (1991) (internal quotation omitted). It limits the kind of punishment that can be imposed on those convicted of crimes, proscribes punishment grossly disproportionate to the severity of the crime, and imposes substantive limits on what can be made criminal and punished as such. *Ingraham v. Wright*, 430 U.S. 651, 667

---

[1] Count Three states that "plaintiff(s) 2 (Mr. Aaron Purnell Dyson) wasn't never given his day in court or appointed an attorney to prepare for the accusations of defendant(s)." [DE 7 at 6].

(1977). Neither plaintiff has been convicted of a crime arising out of this case. Therefore, there is no argument that either plaintiff was punished at all, much less punished disproportionately to the severity of the crime. Similarly, the Eighth Amendment's limitation on what can be made criminal and punished as such is irrelevant, because plaintiffs were not punished. Accordingly, the Eighth Amendment's proscriptions are inapplicable to this case, plaintiffs have not stated a cognizable claim under the Eighth Amendment, and Edgecombe County is entitled to summary judgment.

E. Ninth Amendment (Count 5)

The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. "[T]he Ninth Amendment is 'a rule of construction, not one that protects any specific right,' and so '[n]o independent constitutional protection is recognized which derives from the Ninth Amendment and which may support a § 1983 cause of action." *Diaz v. City of N.Y.*, No. 99-CV-2944, 2006 WL 3833164 at *7 (E.D.N.Y. Dec. 29, 2006) (quotation and citation omitted) (concluding that a § 1983 claim based on the Ninth Amendment fails to state a claim). Accordingly, Edgecombe County is entitled to summary judgment on plaintiffs' Ninth Amendment claim.

F. Fourteenth Amendment (Count 6)

Plaintiffs allege violations of the Fourteenth Amendment, which prohibits the States from "depriv[ing] any person of life, liberty or property without due process of law." U.S. Const. amend. XIV. "Due process contains both substantive and procedural components. Procedural due process prevents mistaken or unjust deprivation, while substantive due process prohibits certain actions regardless of procedural fairness." *Snider Int'l Corp. v. Town of Forest Heights, Md.*, 739

F.3d 140, 145 (4th Cir. 2014). Plaintiffs do not clarify whether they are asserting a procedural or substantive due process claim.

Procedural due process applies only to "the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Substantive due process "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (internal quotation and citation omitted). The liberty guaranteed by the Fourth Amendment includes, *inter alia*, "the right of the individual . . . generally to enjoy those privileges long recognized . . . as essential to the orderly pursuit of happiness by free men." *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923). Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents*, 408 U.S. at 577. "To have a property interest in a benefit, a person clearly must . . . have a legitimate claim of entitlement to it." *Id.*

Plaintiffs allege that "the Edgecombe County Clerk of Court Civil Division denied the plaintiff(s) pursuit of justice on two separate occasions" and the "Edgecombe County Department of Social Services denied plaintiff(s) access to any meetings and hearings pertaining to the care of the relative." [DE 7 at 7]. Plaintiffs do not allege any property or liberty interest protected by the Due Process Clause. They do not explain what is meant by "pursuit of justice" nor have they demonstrated that they had a protected interest in the "meetings and hearings," which would be necessary to sustain a procedural due process claim. Similarly, plaintiffs have not alleged any protected interest, let alone the fundamental type of interest protected by

substantive due process. Because plaintiffs failed to allege any protected liberty or property interest, their due process claim fails, regardless of whether it is a substantive or procedural due process claim.

Plaintiffs also very generally refer to the right to the equal protection of the laws secured by the Fourteenth Amendment. The Equal Protection Clause provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." It is in essence "a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Plaintiffs have not alleged that they are part of a suspect class, and thus, they are unable to support their equal protection claim.

Accordingly, Edgecombe County is entitled to summary judgment on plaintiffs' Fourteenth Amendment claim.

## II. STATE LAW CLAIMS

Plaintiffs allege state tort claims of malicious prosecution, intentional infliction of emotional distress, libel per se, negligence, and invasion of privacy against Edgecombe County. These claims are barred by sovereign immunity. The doctrine of sovereign immunity "ordinarily grants the state, its counties, and its public officials in their official capacity, an unqualified and absolute immunity from law suits." *Phillips v. Gray*, 592 S.E.2d 229, 232 (N.C. Ct. App. 2004). Sovereign and/or governmental immunity applies "when the governmental entity is being sued for the performance of a governmental, rather than proprietary, function." *Id.* (quotation and citation omitted). Counties are entitled to this immunity unless they waive it through the purchase of insurance, but any waiver is limited to the extent of insurance coverage. *Satorre v. New Hanover County Bd. of Comm'rs.*, 598 S.E.2d 142, 144 (N.C. Ct. App. 2004) (citing N.C. Gen. Stat. § 153A–435(a)).

Edgecombe County is being sued in connection with the performance of services provided by the Edgecombe County Department of Social Services. Services provided by local departments of social services are governmental functions to which sovereign immunity applies. *Whitaker v. Clark*, 427 S.E.2d 142, 143 (N.C. Ct. App. 1993), *rev. denied*, 431 S.E.2d 31 (N.C. 1993). At the time plaintiffs' claims arose, in May 2012, Edgecombe County had one insurance policy, which was provided by the North Carolina Association of County Commissioners Risk Management Pool. [DE 45–4]. The policy clearly preserves sovereign immunity.[2] Therefore, plaintiffs' state law claims against Edgecombe County are barred. *See, e.g. Russ v. Causey*, 732 F.Supp.2d 589 (610–12) (E.D.N.C. 2010); *Estate of Earley v. Haywood County Dep't of Soc. Servs.*, 694 S.E.2d 405, 409 (N.C. Ct. App. 2010). Accordingly, Edgecombe County is entitled to summary judgment on plaintiffs' state law claims.

III. CLAIMS UNDER THE NORTH CAROLINA CONSTITUTION

It is well established that a plaintiff may not maintain a claim under the North Carolina Constitution when adequate remedies at law exist. *Corum v. Univ. of N.C.*, 413 S.E.2d 276, 289 (N.C. 1992). The "term adequate . . . is not used to mean potentially successful." *Craig ex rel. Craig v. New Hanover Bd. of Educ.*, 648 S.E.2d 923, 927 (N.C. Ct. App. 2007) (quotations omitted), *overruled on other grounds by Craig ex rel. Craig v. New Hanover County Bd. of Educ.*, 678 S.E.2d 351 (N.C. 2009). Rather, it means "'available, existing, applicable remedy.'" *Id.* Accordingly, claims under the North Carolina Constitution are limited to when a plaintiff has "no other remedy." *Corum*, 413 S.E.2d at 290. Plaintiffs have an adequate remedy at law because

---

[2] Section II (B) of the policy states, *inter alia*, "[i]t is the express intention of the parties to his Contract that none of the coverage set out herein be construed as waiving in any respect the entitlement of the Covered Person to sovereign immunity and/or governmental immunity." [DE 45–4 at 73]. That same section further states that General Liability Coverage of the contract does not apply to "[a]ny claim, demand, or cause of action against any Covered Person as to which any Covered Person is entitled to sovereign immunity or governmental immunity under North Carolina Law. [*Id.* at 77]. The Covered Person in the contract is Edgecombe County.

they can pursue a claim against the social workers involved in their individual capacities, a claim to which governmental immunity does not apply. *See Johnson v. Causey*, 701 S.E.2d 404 at *10 (2010) (unpublished) (finding that plaintiff could not pursue a claim brought directly under the North Carolina constitution where claims against a defendant, in his individual capacity, remained pending). Accordingly, plaintiffs have an adequate remedy at law and Edgecombe County is entitled to summary judgment on plaintiffs' claims pursuant to the North Carolina Constitution.

## CONCLUSION

For the foregoing reasons, both defendants' motions for summary judgment [DE 43, 45] are GRANTED. The Clerk is directed to enter judgment accordingly and to close the file.

SO ORDERED, this __8__ day of January, 2015.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE